[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 97-2287

DAVID JAMES WYATT,

Plaintiff, Appellant,

v.

CITY OF BOSTON, ET AL.,

Defendants, Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark L. Wolf, U.S. District Judge]



Before

Boudin, Circuit Judge,
Coffin, Senior Circuit Judge,
and Lynch, Circuit Judge.



David James Wyatt on brief pro se.
Malcolm S. Medley, Special Assistant Corporation Counsel, Boston
Public Schools, on brief for appellees.



May 1, 1998

Per Curiam. Appellant David James Wyatt appeals the
dismissal of his complaint for failure to state a claim under
Fed. R. Civ. P. 12(b)(6) and for failure to plead fraud with
the particularity required by Fed. R. Civ. P. 9(b). After
reviewing the record and the parties' briefs, we affirm the
judgment of the district court for essentially the reasons
stated in its Memorandum and Order, dated August 22, 1997, and
other dispositive reasons on the merits. We add only the
following comments.
1. Even assuming appellant alleged fraud with the
requisite specificity, a careful reading of the complaint and
appellant's brief demonstrates a complete failure, on the
merits, to state a common law claim of fraud. Central to such
a claim is the making of a false statement by a defendant. SeeTurner v. Johnson & Johnson, 809 F.2d 90, 95 (1st Cir. 1986);
Macoviak v. Chase Home Mortgage Corp., 40 Mass. App. Ct. 755,
760, 667 N.E.2d 900, 904 (1996). We find no relevant false
statements here.
First, because the definitions of "good cause" and
"just cause" in the two versions of M.G.L.c. 71, 42 are
virtually identical in all pertinent aspects -- both versions
include incompetency as cause for dismissal -- the
representation that there was "just cause" to dismiss appellant
was not false. Second, since the Education Reform Act of 1993
was an emergency law, it became effective on the date it was
approved -- June 18, 1993. See Connolly v. Division of Pub.
Employee Retirement Admin., 415 Mass. 800, 803 n.3, 616 N.E.2d
59, 61 n.3 (1993). This means that defendants' statements to
Wyatt that review of the termination decision had to proceed
under the terms of the new Act were, in fact, true. In this
context, we reject appellant's argument that Superintendent's
Circular No. 2 was part of the collective bargaining agreement
and thus, under 77 of the Reform Act, trumped the application
of new 42. As a result, there was no breach of state law,
and, consequently, no fraud. Based on the foregoing, appellant
has no claim of fraud, and thus no further lawsuits, against
any of the defendants, including Lois Harrison-Jones and Paul
Parks.
2. As for appellant's motion for a default judgment
against defendants, we conclude that the district court did not
abuse its discretion in denying the motion. See Coyante v.
Puerto Rico Ports Auth., 105 F.3d 17, 23 (1st Cir. 1997). 
Since appellant does not dispute the district court's
observation that he has filed many cases and appeals involving
the same defendants, the court's conclusion that the May 10,
1996 order may have been misfiled due to the confusion created
by these cases and appeals can hardly be called an abuse of
discretion. It therefore is plain that the case at hand did
not represent an "extreme situation" requiring the "drastic
sanction" of a default judgment. See id.
The judgment of the district court is affirmed; all
pending motions are denied as moot.